[Civ. No. 558.  Fourth Appellate District.—March 16, 1931.]

In the Matter of the Estate of GUY B. CHANDLER, Deceased.  IRA J. CHANDLER et al., Appellants, v. CHRISTINA CHANDLER, etc., Respondent.

D. Joseph Coyne for Appellants.

Harry Lyons and Ralph E. Swing for Respondent.

BARNARD, P. J.—Guy B. Chandler died intestate, and his estate is in the course of administration in the Superior Court of San Bernardino County. His widow is administratrix of the estate, and two children by a former marriage are appellants herein.

The respondent administratrix filed a petition for permission to mortgage certain property belonging to the estate, on July 7, 1930, the hearing of which was set by the clerk for July 21, 1930. Notices were given as provided by law, and on July 18, 1930, the appellants filed an answer and objections to this petition. On July 21, 1930, the trial judge signed an order granting permission to mortgage the property involved, which order was filed on July 22, 1930. It is from that order that this appeal is taken.

Appellants first contend that they were denied a hearing in the trial court. They did not appear at the time set for the hearing of the petition, and they now contend that, since this matter involved a trial of issues of fact, they were entitled to five days' notice of such trial, and that the court had no jurisdiction on July 21, 1930, to do anything except to set a future date for trial, of which notice must be given them as provided in section 594 of the Code of Civil Procedure. If this section had any application to such a hearing as we are considering, the fact would still remain that appellants had more than five days' notice of

said hearing, the record showing that notice of the same was given them on July 7, 1930. However, we think the section referred to has no particular application to the case before us. The hearing and notice involved in this proceeding are governed by section 1578 of the Code of Civil Procedure, in which it is provided that the court, at the time fixed and appointed by the clerk, or at such other time to which the hearing may be postponed, if satisfactory proof is made that due notice of the hearing has been given, must proceed to hear the petition and any objections that may be filed or presented thereto. The order here appealed from recites that it satisfactorily appeared to the court that due notice had been given in the manner provided by law. Due notice having been thus given the court had jurisdiction to proceed, which jurisdiction was not affected by the fact that appellants elected not to be present.

It is next urged that no formal hearing was held in the trial court and that the order appealed from must have been made in chambers. Nothing appears in the record to support this contention. The order in question recites that it was made in open court; that it came on regularly to be heard; and after reciting that "it further satisfactorily appearing to this court", the order proceeds to set forth facts which justified the making of the mortgage petitioned for. In the absence of any showing to the contrary, it must be presumed that these formal statements of the court are true and correct, and that the facts recited as satisfactorily appearing to the court were made to appear by proper evidence. The objection is made that the order does not affirmatively state that evidence was taken or witnesses sworn, but it is only reasonable to infer that such was the case from the court's statement that certain facts satisfactorily appeared at a hearing held in open court, and the presumption is in favor of the order.

The third point raised by appellants is that, an order could not be made permitting property belonging to this estate to be mortgaged, since it appeared from the objections filed by appellants, that the administratrix had failed to file an account as required by section 1628 of the Code of Civil Procedure. Had such a fact been true, it would not have affected the validity of this order, since the jurisdiction of the court to make the same was not dependent

upon the filing of an account. For any such neglect, other remedies were available to appellants. However, the court found that it was untrue that the administratrix had failed to file such an account, and in the absence of any evidence to the contrary, we must assume that such finding is correct.

It is finally urged that the court had no power to make the order appealed from, for the reason that a prior petition to mortgage the same property was then pending, which had never been acted upon by the court. In this regard, the record shows that such a prior petition to mortgage was filed on June 23, 1930, and a hearing on the same was fixed by the clerk for July 7, 1930. No service of notice of the time and place fixed for said hearing appears in the record, although an answer and objection from these same appellants appears, which was filed July 5, 1930. It is apparent that this first proceeding was abandoned because proper notice had not been given. In any event, the fact that such a prior petition to mortgage was filed and never acted upon, does not affect the jurisdiction of the court to proceed to hear a subsequent petition, which was properly noticed and regularly brought on for hearing.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.